PHILIP S. CROOKE, Respondent, *v.* BENJAMIN ANDREWS, Appellant.

A suit will be upheld to remove, as a cloud upon title, a claim which appears to be valid upon the face of the record, and the defect in which can only be made to appear by extrinsic proof.

Accordingly, where the complaint alleges that the defendant claims some interest, or estate in the plaintiff's premises, in the city of Brooklyn, by reason of a sale thereof for taxes, which was illegal and void on account of the assessment of said land being to one who was neither the owner or occupant thereof, nor a resident of the said city, and that the defendant had received a certificate of sale of the said premises; had given notice in writing, to the plaintiff, that he claimed title, and had put said claims on record in the office of the collector, whereby they have become presumptively a lien on the premises, and prayed that the sales be declared void and defendant be compelled to discharge the same—*Held*, good on demurrer; the statute in reference to the tax sale enacting that the certificate of sale, when recorded, should constitute a lien, and the holder being declared entitled to a deed if there is no redemption; which deed is evidence that the sale of the land was regularly made, and according to the provisions of the statute.

*Scott* v. *Onderdonk* (4 Kern., 9), followed.

(Argued April 5th, 1869, decided June 15th, 1869.)

APPEAL from a judgment for the plaintiff on demurrer, to his complaint, which judgment was affirmed in General Term of the Supreme Court for the second district.

The complaint alleges that the plaintiff is the owner in fee, of certain lands in the city of Brooklyn, particularly described; that the defendant claims an estate or interest therein, by reason of sales thereof, made by the authorities of Brooklyn,

for taxes during the years 1855, 1856, 1857, 1858, 1859, 1860, and 1861, and has received certificates of such sales of the premises; has put his claim thereto upon record, and has given notices in writing, to the plaintiff and others, that he claims title to the premises, by force of such tax sales; and that thereby such sales have become presumptively a lien thereon, and such certificate and claim is a cloud upon the title of the plaintiff to his said lands, diminishing their value and interfering with the sale thereof.

That in fact no such lien exists, for the reason that such taxes were assessed to persons particularly mentioned in the complaint, who had no title or interest in the premises, and at no time were assessed in the name of or against any person who was the owner or occupant, or who had any interest therein.

The prayer of the complaint is that the several sales may be declared void, and the defendant be decreed to discharge the same, &c.

The demurrer is on the ground that the complaint does not state facts sufficient to constitute a cause of action.

No objection for want of parties is raised.

*John Andrews,* for the appellant, cited, *Mayor* v. *Merserole* (26 Wend., 132); *Bouton* v. *The City of Brooklyn* (15 Barb., 387); *Mooers* v. *Smedley* (6 Johns. Chy., 28); *Van Doren* v. *Mayor* (9 Paige, 388); *Hayward* v. *City of Buffalo* (4 Kern., 534); *Cox* v. *Clift* (3 Barb., 481); 2 Comst., 122; *Mace* v. *Trustees of Newburgh* (16 How. Pr. R., 161); *Matthews* v. *Mayor* (7 Abb., 11); *Tallman* v. *White* (2 Comst., 66); *Striker* v. *Kelly* (7 Hill, 9).

*Philip S. Crooke,* in person, relied upon *Scott* v. *Onderdonk* (4 Kern., 9).

WOODRUFF, J. This action is not brought to restrain the collection of a tax or assessment, but simply to remove a cloud upon the plaintiff's title to land, created, as he alleges, by proceedings of the authorities of the city of Brooklyn for the

assessment and collection of taxes, and the sale of the land for the non-payment thereof.

It is, therefore, not necessary to reiterate the general rule that a bill in equity will not lie to restrain public authorities from assessing and collecting taxes or assessments, so often heretofore stated, and again refer to the reasons or authorities upon which it rests.

That rule does not forbid the maintenance of an action to remove a cloud upon a plaintiff's title, merely because such cloud results from proceedings had for the collection of taxes.

But to constitute a cloud which the court will interfere to remove, it must appear by the complaint that it is prejudicial, and that involves the existence of some reason to apprehend injury, or that it is set on foot and relied upon to the prejudice of the title.

Where, therefore, the so called cloud or adverse claim has not even the appearance of validity or substance, as where it appears on the face of the very documents or proceedings upon which the alleged claimant must rely, and which he must produce, that there is no legal validity in the claim, there is no ground for invoking the aid of a court, for there is, in truth, no injury and no ground for apprehension of injury. (*Ward* v. *Dewey*, 16 N. Y., 519; *Cox* v. *Clift*, 2 N. Y., 118; *Fleetwood* v. *City of New York*, 2 Sandf., 475; *Hatch* v. *City of Buffalo*, 38 N. Y., 276; *Allen* v. *City of Buffalo*, 39 N. Y., 386.)

The only question here is, does the complaint show a cloud or incumbrance valid on its face, *prima facie* legal, and which can only be impeached by proof of extrinsic facts, which brings the case within the doctrine of *Scott* v. *Onderdonk* (14 N. Y., 9), or within the rule as stated in *Ward* v. *Dewey*, viz: That "when the claim appears to be valid upon the face of the record, and the defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony, it presents a case for invoking the aid of a court of equity to remove it as a cloud upon the title." (See *Heywood* v. *Buffalo*, 14 N. Y., 534.)

It is not claimed that the taxes were legally assessed, or that the sale was warranted.

By the act to consolidate the cities of Brooklyn and Williamsburgh, &c., passed April 17, 1854, in title V, § 26 (Laws of 1854, p. 879), on a sale for taxes the collector is required to deliver to the purchaser a certificate of the sale, which shall be recorded in the collector's office, and it is declared that the same "shall constitute a lien upon the lands and premises therein described, after the same shall have been so recorded."

Here, then, is an express lien, complete in form, and which constitutes an immediate impediment to the sale or disposal of the plaintiff's land. To this extent it requires no action or proof by the claimant, and the burthen is cast on the plaintiff of taking affirmative action if he would remove the incumbrance.

By section 33, "if the land is not redeemed by payment of the tax with interest at fifteen per cent per annum, the collector is required to execute a deed to the purchaser, which deed is declared evidence that the sale and the proceedings for the sale of the land were regularly made and according to the provisions of the act;" and this is not all, the grantee is declared entitled, as against all persons whomsoever, to the possession of the premises and the rents, issues and profits thereof, pursuant to the terms of his conveyance, and shall be entitled to obtain possession of his lands by *summary proceedings*, in the same manner as is provided by law for the removal of persons who hold over or continue in possession of real estate sold by virtue of execution against them.

Here, then, we have a declared lien upon the property, next a positive legal duty to execute a deed, which will entitle the grantee to obtain possession as against all persons whomsoever in possession, and that in a summary manner.

This brings the case within the cases last referred to. True, the complaint does not state that a deed is about to be executed, but it is the express duty of the collector to give it by the terms of the statute, and there is already a lien. A bill

will lie as well to prevent a cloud as to remove one (5 Paige, 493, 6 id., 262). Here, as to the lien, it already exists.

It is suggested that, as the complaint does not set out the words of the certificate, it does not appear that it is in a form sufficient to create a lien; perhaps, if produced, it would appear void on its face. I think this is hypercritical. All the requisites of the certificate prescribed in the statute are that it shall be a certificate of the sale. I agree fully with the rule that the complaint must show that a cloud exists. But here the pleader has averred the making and recording of the very certificate which the statute names, and the demurrer admits it. There is no presumption that it contains anything not pertinent to the fact of assessment, non-payment of the tax and the sale to the purchaser, if indeed so much as this is necessary. It would require a presumption that foreign matter was contained in it, to justify the speculation that perhaps it would show on its face that it is void.

I think the judgment should be affirmed.

All the judges concurring.
Judgment affirmed.

---

Dᴏɴᴀʟᴅ H. MᶜDᴏɴᴀʟᴅ and Eʙᴇɴ G. Hᴀᴍɪʟᴛᴏɴ, Respondents, *v.* Lᴏᴜɪs Wᴀʟᴛᴇʀ and Gᴇᴏʀɢᴇ H. Cᴀʀʙᴜᴛᴛ, Appellants.

Where, upon a trial of an action brought by a vendor against a purchaser to recover damages for breach of contract in neglecting to receive and pay for the article sold, the jury found a verdict for the plaintiff for a sum far less than the amount of damages he was entitled to recover, if he had any cause of action; and the judge who presided, upon a motion made upon his minutes, granted an order setting the verdict aside and awarding a new trial on the ground of the inadequacy of the verdict—
*Held*, that he had jurisdiction and the right to make such order, and this, although upon the evidence a verdict for the defendants would not have been disturbed.

(Argued by respondent, April 3d, 1869; submitted by appellant, under the rule, and decided June 14th, 1869.)