MARSH v. CITY OF BROOKLYN, appellant.

*Action — to set aside invalid assessment as cloud to title.*

Plaintiff brought action against the city of Brooklyn to set aside an invalid assessment as a cloud upon her title to real estate. The invalidity could be established only by proof *aliunde*. *Held,* that the action could be maintained.

APPEAL from a judgment ordered at special term in favor of plaintiffs on an action to set aside an invalid assessment as constituting a cloud upon plaintiffs' title to certain real estate. The action was brought in Kings county by Ann Marsh, executrix, and Charles L. Benedict, executor under the last will and testament of Leonard Marsh, deceased, against the City of Brooklyn, and was tried at the Kings county special term before Mr. Justice PRATT, who found, as matters of fact, that the plaintiffs were invested as executrix and executor respectively of the last will of Leonard Marsh, deceased, with the legal title to certain premises situate in the city of Brooklyn; that upon said premises an assessment had been laid for grading and paving Franklin avenue, in said city, from Douglass street to the city line at Flatbush, confirmed June 11, 1855, by the assessment Nos. 21, 23, 24, 26, and 31, amounting in all to the sum of $4,115.32; that the said premises at the time of the laying and confirming of said assessment, and for some years prior and subsequent, were unoccupied, and were owned by two daughters and sole heirs at law of John C. Freke, viz., Maria and Ann; that in said assessment proceedings and in the assessment roll said premises were erroneously assessed, as belonging to a person not the owner or occupant thereof, and the assessment was not charged to or against the owners or any occupant thereof, nor were the owners, or either of them, or any occupant of said premises, in any way mentioned or named in said proceedings.

The justice found, as conclusions of law, that said assessment was irregular and illegal; that the same was an apparent lien upon its face upon plaintiffs' premises, and their property liable to sale and confiscation therefor, and the same was a cloud upon plaintiffs' title; but that the same, from the evidence taken, had been proved to have been erroneously charged and assessed to a person who was neither the owner nor occupant of the premises, and not to the owners thereof or any occupant thereof, and that the same was therefore illegal and should be declared void; and he directed the same to be set aside and vacated.

*William C. DeWitt*, for appellant.

*Sidney V. Lowell*, for respondents.

BARNARD, P. J. It is not disputed by the defendant, but that the assessment in question is totally invalid, and it is only by proof

*aliunde* that the invalidity is to be established.    Equity in such a case will entertain a complaint and remove the cloud on the plaintiffs' title.    *Crooke* v. *Andrews*, 40 N. Y. 547 ; *Scott* v. *Onderdonk*, 14 id. 9.

By the act incorporating the city of Brooklyn, assessments are made liens from the date of confirmation, prior to all others.

There is no finding of confirmation, but the answer admits that the assessment is now a lien on the premises described in the complaint.    The case, therefore, shows an existing lien, which is in fact invalid.

The judgment should be affirmed, with costs.

*Judgment affirmed.*