ELIAS   HOUGHTALING,   APPELLANT,  *v.*   RANSOM
WALLING,   RESPONDENT. ·

*Execution of a deed by a stranger to the title and the recording of the same — an
action to cancel it cannot be maintained by an owner in possession.*

In this action, brought to procure the cancellation of a deed of land executed by
one Houghtaling to the defendant, in October, 1885, and recorded in the county
clerk's office, in April, 1887, the complaint, after describing the parcel of land
by metes and bounds, alleged that the plaintiff was, and had been for the period
of seventeen years, the owner thereof in fee simple by purchase, and during all
that time had the actual possession thereof, claiming to be such owner; that, in
1885, one Houghtaling, who had no title to the lands, nor any right to convey
the same, executed and delivered a quit-claim deed of the same to the defend-
ant, who placed it on record, knowing that the plaintiff was in possession of the
premises, and refused to remove "the said cloud from the title of said land"
when requested so to do by the plaintiff.

*Held,* that a demurrer, interposed to the complaint, was properly sustained, as
under the facts stated the deed to the defendant did not cast even a shadow of a
· cloud on the plaintiff's title.

APPEAL from a judgment of the Steuben Special Term, sustaining
the defendant's demurrer to the plaintiff's complaint.

This action was brought to procure the cancellation of a deed of land
executed by one Houghtaling to the defendant in October, 1885, and
recorded in the Steuben county clerk's office in April, 1887. The
complaint describes the parcel of land by metes and bounds, and it
is then alleged that the plaintiff is and has been for the period of
seventeen years, the owner thereof in fee simple by purchase, and
during all that time has been in the actual possession thereof, claim-
ing to be such owner. That in 1885 one Houghtaling, who had no
title to the lands nor any right to convey the same, executed and
delivered to the defendant a quit-claim deed of the same and it was
placed on record. That at the time the defendant received the deed
and placed it on record, he knew the plaintiff was in possession of
the premises. That before the commencement of this action, the
plaintiff requested the defendant to remove "the said cloud from
the title of said land," which he refused to do.

*J. W. Dininny,* for the appellant.

*Gibbs & Walker,* for the respondent.

BARKER, P. J.,

The deed executed by Houghtaling and delivered to the defendant did not create any cloud on the plaintiff's title to the lands in question. The averments set out in the complaint show that the deed which the plaintiff seeks to have canceled is entirely harmless, and does not cast even a shadow of a cloud on the plaintiff's title. If the allegations in the complaint are true, the plaintiff has a complete title to the premises and is in the undisturbed possession of the same. The grantor, under whom the defendant claims, is a stranger to the title, having no connection with the same. It is true the deed, as a mere instrument, is in due form, and it may be assumed has no flaw in it, and would convey to the defendant any interest in the lands which the grantor might have had therein. But there is nothing stated in the complaint showing, or from which it can be inferred, that Houghtaling had any title, or that he ever set up or claimed title to the premises. On the contrary, it is alleged by the plaintiff that he had none. The mere existence of a deed purporting to convey certain premises, but accompanied by no circumstances giving it apparent validity, would not operate as such a cloud upon the title as to justify the interposition of the court. If an entire stranger assumes to convey the premises to which he has no shadow of title, and of which another is in possession, no real cloud is thereby created. There is nothing to give such a deed even the semblance of force. It cannot be used to the serious annoyance or injury of the owner. These propositions were stated by the court in *Ward* v. *Dewey* (16 N. Y., 529), where the question now under consideration was fully discussed. (See, also, *Crooke* v. *Andrews*, 40 N. Y., 549.) Unless the plaintiff in an action seeking relief against a conveyance, which purports to convey land of which he is the owner, is aided by the provisions of some statute, the general rule now is, if the party claiming relief is in possession and has a good defense, whether it be of a legal or equitable character, and if he can only be divested of his rights by some suit in court, instituted by his adversary, he must wait until he is thus challenged, when he will be in time to bring forward his defense. (*Scott* v. *Onderdonk*, 14 N. Y., 9; *Weed* v. *Weed*, 94 id., 243; *Crooke* v. *Andrews*, 40 id., 547; *Chipman* v. *Montgomery*, 63 id., 236.)

An exception to this rule exists when, by the force of some statutory law, the deed is made *prima facie* evidence of its validity, and gives the grantee an apparent good title, and the defect can only be made to appear by extrinsic evidence. The plaintiff made no claim that his case, as stated in the complaint, was brought within the provisions of sections 1638 and 1639 of the Code of Civil Procedure, allowing actions to be brought in a particular class of cases for the purpose of determining the title to real estate. (*Austin* v. *Goodrich*, 49 N. Y., 266.) The plaintiff's counsel has endeavored, by his argument, to bring the case within the general powers of a court of equity to entertain suits for the purpose of quieting the title to real estate. I have not been able to find a single case where jurisdiction has been entertained upon a state of facts similar to those alleged in the complaint.

The judgment should be affirmed, with costs, with leave to the plaintiff to amend his complaint on the payment of costs in twenty days.

All concur.

Interlocutory judgment affirmed, with costs, with leave to the plaintiff to amend complaint within twenty days on payment of the costs of the demurrer and of this appeal.