# THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent, v. WILLIAM H. CLAPP and Others, Assessors, and CHARLES H. MILLER, Town Clerk of the Town of York, Appellants.

*Taxation — an assessment-roll, which on review day is in several parts, is sufficient if subsequently engrossed, put together and verified.*

Objection was made to the validity of an assessment, for the reason that when the assessment-roll was first made it was in three parts; that it so remained when inspected by a taxpayer on review day, and that afterwards the three parts were engrossed and made into a single roll, which was then verified as the completed roll.

*Held,* that there was not in these facts any failure to comply with the statute (1 R. S., m. p. 390, §§ 8 *et seq.*) which would vitiate the assessment.

That there was nothing in the statute forbidding the assessment-roll to be in parts on review day.

That if the contents of the roll, as completed and put together, did not differ from the roll as shown on review day, except by changes made in accordance with the statutory provisions by the assessors on or after the review day, the requirements of the statute were met.

Appeal by the defendants, William H. Clapp, James Stewart and Alexander Reid, as Assessors, and by Charles H. Miller, as Town Clerk of the Town of York, from a final order of the Supreme Court, entered in the office of the clerk of Livingston county on the 23d day of November, 1891, declaring void an assessment against the real property of the relator appearing upon the assessment-roll of the town of York for the year 1891, and directing that the same be stricken therefrom.

*J. B. Adams,* for the appellants.

*C. J. Bissell,* for the respondent.

Dwight, P. J.:

The court at Special Term adjudged the assessment in question void for irregularities in the proceedings of the assessors, without considering the question of the jurisdiction of the assessors to make any assessment against the relator. The latter, which seems to us the important question, has been considered by us in a case argued at the same term, and decided adversely to the relator's contention. (See *The People ex rel. D., L. and W. R. R. Co.* v. *Reid et al.,*

548    PEOPLE ex rel. D., L. & W. R. R. CO. v. CLAPP.

FIFTH DEPARTMENT, JUNE TERM, 1892.

opinion by LEWIS, J.*)    This leaves to consider, in this case, only
the objection which was sustained at the Special Term, and was the
basis of the order appealed from, viz., of irregularity in the making
up of the assessment-roll.

Briefly, the facts upon which the objection is based are, that the
roll was first made in three parts; that it was so on review day, when
it was inspected by the relator, which was duly heard to complain
that the valuation of its property was excessive, and a very substantial
reduction was made in such valuation; and that afterwards the three
parts of the roll were engrossed into a single roll, which was duly
verified, as the completed roll, by the assessors and delivered to the
supervisor of the town.

With the statute before us we are unable to discover any substantial
departure from the letter, even, still less from the spirit, of the law
in the method of making up this roll.    The statute (1 R. S., 390,
§ 8 *et seq.*; Birdseye, p. 2963, § 61 *et seq.*) provides that between
the first days of May and July in each year the assessors shall proceed
to ascertain the names of all the taxable inhabitants, and also all the
taxable property, real or personal, in their respective towns (§ 8
[Birdseye, § 61]); that they shall prepare an assessment-roll in
which the matters thus ascertained shall be set down in four columns,
viz., names, quantity of land, full value of land, full value of per-
sonal property (§ 9 [Birdseye, § 62]); that they shall complete the
assessment-rolls on or before the first day of August in each year
and make out one fair copy thereof to be left with one of their
number (393, § 19 [Birdseye, 2965, § 70]); that they shall give
notice, in the manner prescribed, of the fact that the assessment-roll
is so completed and deposited at a place specified, where it may be
seen and examined by any person interested, until the third Tues-
day of August, and that on that day they shall meet at a time and
place specified, to review their assessments (§ 20 [Birdseye, § 71]).
The last mentioned section also prescribes the duties of the assessors
in respect to hearing, examining and determining all complaints in
relation to such assessments that may be brought before them.

A subsequent section of the statute (Birdseye, 2966, § 80), pro-
vides that " when the assessors, or a majority of them, *shall have*

*completed their roll*," they shall verify it in the form prescribed. By the terms of that verification it appears that the completed roll here mentioned is not in all respects the completed roll mentioned in the former section (Birdseye, § 70, *supra*), for that roll was to be completed on or before the first day of August, whereas this roll must embody the corrections made on the review of the first completed roll, and that review is to begin on the third Tuesday of August, and may be continued by adjournment from time to time till the first day of September, on or before which day the verified roll must be delivered to the supervisor of the town. (1 R. S., 394, § 27; Birdseye, § 73.)

There is nothing in any of these provisions of the statute which requires that the roll, as originally completed for review, shall be made out in a single volume or upon sheets of paper attached together, or which forbids that it should be made out in parts or upon detached sheets, which when brought together constitute the roll, completed for purpose of review; least of all is there anything to forbid the re-engrossment of the roll after the corrections of review day. There is a time, no doubt, when the assessment-roll must be in one, a single volume or collection of sheets united together, and that is when the roll is *finally* completed, after all corrections are made and when the verification is attached thereto.

It is undoubtedly the intention of the statute that the roll first completed for revision should be the same in every particular as to its contents as the roll finally completed for verification, except for the changes made on review; and this, which is the one essential requirement of the statute in respect to the identity of the roll, was in no particular violated in this case. There is nothing to show that a name or an item of property, real or personal, was added to or subtracted from the roll completed on or before the first day of August; nor that the valuation of property in any instance was changed except in accordance with the determination by the assessors of complaints duly made upon the day advertised for review. Certainly, so far as the assessment of the relator is concerned, the roll remained the same from the day of its first completion until, upon the application of the relator on the review day, the valuation of its property in the town of York was reduced from the sum of $612,360 to the sum of $437,400.; and at that sum it remained in

the engrossed roll which was verified by the assessors and delivered to the supervisor of the town.

The view which we have taken of the intent and purpose of the several provisions of the statute obviates the inquiry whether any one or another of those provisions is directory or mandatory since we have found them, one and all, to have been substantially complied with in the case of the roll in question. It is apparent, as we have seen, that the statute contemplates that the roll shall be twice "completed," once for revision and once for verification; and the only substantial requirement in respect to the identity of the two rolls is that they shall be in all respects the same as to their contents, with the exception of changes made on review.

We find no evidence of any irregularity in the assessment-roll, or in the method by which it was made and completed, which can in any manner invalidate the acts of the assessors or the result of their labors.

The order appealed from should be reversed and the assessment confirmed.

MACOMBER and LEWIS, JJ., concurred.

Order appealed from reversed, with costs of the appeal, and the assessment confirmed, with costs.