## JUNIUS H. HATCH, Respondent, v. THE CITY OF BUF-FALO, Appellant.

*Assessment—Evidence of Regularity—Cloud on Title.*

When the tax or assessment complained of is void upon its face, or when the evidence necessary to enable a party to claim under it, will of itself show the tax to be void, then a bill to set aside the assessment, or to remove the cloud from the title, will not lie.

But when the record itself is sufficient evidence to establish title, it constitutes a cloud upon such title, and an action will lie to remove it.

When the law required that, in order to authorize certain work to be done in the city of Buffalo, the city assessors, or a majority of them, should certify that a majority of the property-holders in said city liable to be taxed or assessed to pay for the improvement had applied to have such work done, and such work was ordered to be done without the proper certificate of the assessors—held, that an assessment made to pay for such work was illegal and void, and that a bill would lie to set it aside.

This action is brought to set aside certain assessments upon lands of the Plaintiff, to defray the expense of grading and paving Niagara Street, in the city of Buffalo, and for various cross-walks, sewers, etc., and to restrain the Defendants from taking any proceedings to collect the assessments.

The Defendants demurred to the complaint. The Special Term overruled the demurrer, and, upon appeal, the General Term of the Eighth District affirmed the judgment. The Defendants now appeal to this Court.

The illegality alleged is based upon the want of a sufficient certificate by the assessors, as required by section 20 of the Act of 1856, page 143. That section provides as follows: "Nor shall any such work be ordered until there shall be presented . . . a certificate signed by the city assessors, or a majority of them, stating that such application is made by a majority of such property-holders resident in said city and liable to be taxed or assessed to pay for the same, which certificate shall be conclusive

evidence that such application is made by a majority, as required by this section."

The certificate in question was headed : " Proposed improvement of grading Niagara Street the full width thereof, and paving a carriage-way forty-two feet wide, . . . and constructing all necessary sewers and receivers, sluices and cross-walks in said streets, between the points above named;" was signed by two assessors, and certified that the " application for the above improvement is made by a majority of the property-holders resident of the said city and directly interested therein and liable to be taxed or assessed to pay for the same." The expense of constructing sewers, sluices,. and receivers could not by law be included in said assessment.

*D. F. Day* for Appellant.

*Geo. Wadsworth* for Respondent.

HUNT, Ch. J.—This assessment has been holden by this Court to be illegal and void in four several.cases presented upon the same assessment. (Lathrop *v.* The City of Buffalo ; Dolan *v.* The Same ; Howell *v.* The Same ; Efner *v.* The Same.) Neither of these cases is reported. The majority referred to in the certificate may have been composed of those interested in the sewers and sluices only, and would not necessarily be subject to taxation for the paving and grading provided for.

The question principally contested in this suit is, whether an action in the present form can be sustained, or whether the relief to which the Plaintiff was entitled should not have been sought by a writ of certiorari. The principle by which this point is to be determined is this : if the tax or assessment complained of is void on its face, or if the proof necessary to be made to enable a party to claim under it will of itself show that it is void, then a bill to set aside the assessment, or, as it may be called, to remove the cloud upon the title, will not lie. When, however, the claimant could establish a title by the record upon his assessment, then there is such a cloud as the owner may legally ask to have removed.

This subject was carefully examined, and the conclusion

reached by a unanimous decision of this Court in the case of Scott *v.* Onderdonk (14 N. Y. 9). That case bore a remarkable resemblance to the one now before us, and stands as nearly quatuor pedibus with it as can well be imagined. The Plaintiff there asked to be relieved from a pretended assessment affecting his property, alleging that the corporation had sold it, that the Defendant was the purchaser, and that the sale was about to be consummated by the making of a conveyance for a long term of years, and alleging that there was in fact no assessment. It was objected that, upon the complaint, there was no color of right to sell, and therefore no cloud on the title; that the purchaser would be compelled, when he claimed the property, to show his title step by step, and that he would necessarily himself show that he had no title.

To this reasoning the Court assented, but held that it was assumed by that section of the charter which provided that the conveyance to be taken on the sale shall briefly set forth the proceedings had for the sale of the premises, that, by force thereof, the purchaser should be entitled to the possession, and that "such conveyance shall in any such proceeding be deemed primâ facie evidence of the facts therein recited and set forth." This the Court held would furnish presumptive evidence of the passage of the ordinance and the assessment made under it, and that it could only be impeached by proof aliunde of the falsity of its recitals. Upon this ground the bill was sustained. (See also Heywood *v.* the City of Buffalo, 14 N. Y. 534.)

The same principle will govern the case now before us. If the declaration of sale should be made to the purchaser, it would contain a description of the premises, the fact of assessment, advertisement, and sale, the date of the sale and the period for which the premises shall be sold, and what it is declared by the statute shall be "presumptive evidence in all courts and places that such tax or assessment was legally imposed, and that due proceedings to authorize such sale were had." (Laws 1853, page 477, § 18.) It is alleged in the complaint that the Plaintiff fears that such declaration is about to be issued, and the Plaintiff prays relief against it. The language of this statute is more explicit and

emphatic than that under which Scott v. Onderdonk was decided. The statute then in force simply enacted that the conveyance should be evidence of the facts therein recited and set forth. The statute before us enacts that it shall be evidence that the assessment was legally imposed, and that due proceedings to authorize the sale had been taken. The purchaser at this sale would only be required to produce his certificate or declaration from the city, and this law supplied every intendment necessary to support his recovery. The present case is plainly within the decision of Scott and Onderdonk, and justifies the present action.

It is said that in the case of Howell v. The City of Buffalo a contrary decision was made by this Court, the opinion being written by Judge Marvin. No such opinion has been reported; nor is any certified copy of the same furnished to the Court. So far as it appears, however, from the opinion contained in the brief, accompanied by a letter from its author, it is evident that the decision, if so made, was based upon an error in fact. In the letter referred to it is said: " I assumed that the threatened declaration, following a failure to redeem, would, by recital, show the defect of jurisdiction. It must show the fact of assessment, and this cannot be shown without it appearing that the assessors certified;" &c. This is an error. As, already quoted, the statute requires the declaration to contain a description of the premises, the fact of assessment, advertisement, and sale, the date of the sale, and the period for which the premises are sold, and nothing else. There would be nothing on the face of the declaration to show the illegality of the assessment, and nothing therefore to distinguish it from Scott and Onderdonk. A decision not found in the regular reports is, by our practice, more readily subject to modification and control than when the same has gone forth with all the apparent authority of this Court. Especially should we so hold when the decision is based upon an evident error.

The judgment should be affirmed with costs.

Affirmed.

JOEL TIFFANY,
State Reporter.