The assessment upon the petitioner which he asks to vacate was imposed for a local improvement of St. Felix street, from De Kalb avenue to Hanson place, by paving the same with Nicholson pavement. The street had before been paved with cobble-stone pavement. The permanent board of water and sewerage commissioners had, under the act of 1870, the exclusive power to repave streets in the city of Brooklyn, but when a street had once been paved had no authority to repave the street with any other kind of pavement than that existing thereon unless upon the application, in writing, of a majority of the owners of the land fronting on the street or part of street, specifying the particular kind of pavement desired by the petitioners, or expressly submitting the same to the judgment of the commissioners. (Laws of 1870, vol. 2, 1507.) No petition signed by a majority of the property owners, designating Nicholson as the kind of pavement desired, or submitting expressly to the board the kind of pavement that should be adopted, was ever presented *Page 259 
to the board. Hence, it follows that the board had no power to pave the street with Nicholson pavement, and there was no legal authority to assess the expense of such pavement upon the property fronting upon the street. But the petitioner, with some other owners of property fronting upon the street, signed a petition for the repaving thereof, and the petitioner designated Nicholson as the pavement desired by him — which petition was presented to the board — upon which it passed a resolution to repave the street with Nicholson pavement, and caused such pavement to be laid; to defray the expense of which the assessment in question was imposed. It is insisted by the counsel for the appellant that the petitioner is estopped from denying the power of the board to do the work by having signed the petition asking to have it done. Upon principle, there is no basis for such an estoppel. All that the petitioner did was as a property owner to petition the board to proceed and repave the street in the mode desired by him, as he lawfully might. He made no representation to the board that the signers constituted a majority of the owners of property fronting on the street, or anything to that effect; he had a right to rely upon the performance of its duty by the board, which was upon the presentation of the petition and before basing any action thereon to ascertain whether the numbers who had signed were sufficient to confer jurisdiction to act. Signing or presenting it was no assertion of its sufficiency in this respect. It contained a representation that the petitioner owned property fronting upon the street, and that he desired, in case a sufficient number of like owners united therein, to constitute a majority, that the street should be paved with Nicholson pavement. A party is estopped only when, by his declarations or conduct, he has induced another to act upon the supposed existence of a fact, and would be in consequence injured by showing its non-existence. There is no such element in this case. The consequence of the doctrine contended for would be to make the assessment valid upon such owners as had signed the petition while invalid as to all others; leaving the former not only to *Page 260 
pay their just portion of the expense, but to contribute as tax-payers to the payment of the portions which should have been imposed upon those who had not signed. The principle contended for, if generally applied, would involve most mischievous consequences. One signing a petition to the commissioners of highways, to lay out a road, would be estopped from showing that the proceedings based thereon were not legal, and hence the road might be adjudged a legal highway as to him while it was not as to the public generally. The cases calling for its application, it is readily seen, would be quite numerous, and the consequences would create much confusion and hardship.
The precise doctrine contended for by the counsel for the appellant, is asserted by MILLER, J., in The City of Burlington
v. Gilbert (31 Iowa 356), and seems to have been concurred in by the court, although the case shows that the judgment might have been placed upon another ground. The learned judge citesThe People v. Goodwin (1 Seld., 568) and Kellogg v. Ely
(15 Ohio St., 64) in support of the position. Neither of the cases in any way support the proposition. In the former, one question was whether the verbal consent of the owner to the laying out of a highway upon the site of a building situated thereon was sufficient, or whether such consent must be in writing. Held, that a verbal consent, if acted upon before revocation, was sufficient. True, the judge remarks that the owner would be estopped; but the point adjudged was that the verbal consent was sufficient to authorize the laying out the highway, and that it would be legally laid as such. In the latter the court held that it would not restrain the collection of the assessment by injunction, but leave the party to his legal remedy, if any. It is not placed upon the ground of estoppel, nor is there any intimation that any was applicable to the case; nor am I able to see any ground for its application. The order appealed from must be affirmed, with costs.
All concur.
Order affirmed. *Page 261