IN THE MATTER OF THE PETITION OF JAMES W. KIERNAN TO VACATE AN ASSESSMENT.

IN THE MATTER OF THE PETITION OF CHARLES H. KALB-FLEISCH, et al., Executors, etc., TO VACATE SAME ASSESS-MENT.

IN THE MATTER OF THE PETITION OF CHARLES H. KALB-FLEISCH TO VACATE SAME ASSESSMENT.

The provision of the act of 1859, in relation to local assessments in the city of Brooklyn (§ 5, chap. 213, Laws of 1859), making the determination of the common council in respect to all the facts to be ascertained for the purpose of commencing and carrying on a proposed improvement, final and conclusive, is not inconsistent with the act of 1861 (chap. 169, Laws of 1861), and is not repealed by the provision of that act (§ 13) declaring all prior acts or parts of acts inconsistent therewith repealed.

Accordingly *held*, that a determination of the common council that a petition presented to that body, under the act of 1861, asking for an improvement, upon which it acted in authorizing the work, was signed by a majority of the persons owning lands on the line thereof, was conclusive; and that the court, upon application to set aside an assessment founded thereon, had no power to reopen and examine that question. *In re Sharp* (56 N. Y., 257), *Litchfield* v. *Vernon* (41 N. Y., 123) distinguished.

(Argued June 1, 1875; decided September 21, 1875.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing an order of Special Term denying motions to vacate an assessment for grading and paving Grand Street, in the city of Brooklyn, and directing judgment vacating the assessment. (Reported below, 3 Hun, 623; 6 T. & C., 320.)

It was stipulated by the counsel for the respective parties, that all the proceedings in laying the assessment were regular, except the petition asking for the improvement.

The facts in relation thereto are sufficiently stated in the opinion.

*Jno. H. Knaebel* for the appellants. The determination of the common council upon a petition for an improvement under

chapter 169, Laws of 1861, as to whether it was signed by a majority of the persons on the line thereof, is conclusive and cannot be reopened. (Laws of 1859, chap. 213; Laws of 1872, chap. 62; *Betts* v. *Bagley*, 12 Pick., 572; *Barhyte* v. *Shepherd*, 35 N. Y., 238; 2 Abb. Ct. Apps. Dec., 1; *People ex rel.* v. *City of Rochester*, 21 Barb., 656, 670.)

*F. P. Bellamy* for the respondents. The common council acted without jurisdiction. (Laws of 1861, chap. 169, p. 462; Laws of 1862, p. 182, § 43; *Sharp* v. *Spier*, 4 Hill, 76, 92; *Whitney* v. *Thomas*, 23 N. Y., 281; 50 id., 502, 509; 52 id., 80; 56 id., 257.) The charter of 1873 did not legalize or confirm any previous illegal assessment void for lack of jurisdiction. (Laws of 1874, chap. 589, p. 811; *Downing* v. *Mayor, etc.*, 54 N. Y., 186; 49 id., 243; *Berley* v. *Rampacher*, 5 Duer, 183.)

CHURCH, Ch. J. The assessment which is sought to be vacated in these proceedings was for grading and paving Grand street in the city of Brooklyn, between Bushwick and Metropolitan avenues. The sole objection raised to the regularity of the assessment is that the petition upon which the common council authorized the work, was not signed by a majority of the owners of land situated on the line of the contemplated improvement. The act of 1861 (chap. 169, Laws of 1861) declares (§ 1) that no proceedings shall be had unless upon petition signed by a majority of such owners. The petition in question was signed by eleven persons. The evidence taken before the referee to whom the matter was referred, tends to show, and the referee has found, that one of the signers was not in fact an owner within the prescribed limits and that there were thirty-four owners in all and that therefore a majority did not join in the petition. It is claimed however, on behalf of the city, that by the act of 1859 (§ 5, chap. 213, Laws of 1859), the common council were clothed with the authority to determine this question and that their decision thereon was final and conclusive. The

language of the section relied upon, so far as pertinent, is as follows:

"5. Upon the presentation of any application for any improvement or work specified or referred to in the first section of this act, and after taking the action referred to in the preceding section, the said common council if they determine that a petition for such improvement has been presented by a majority of the persons owning lands situate on the line of the improvement   *   *   *   and in case no sufficient objections are made thereto in the manner specified by the first section of this act, the said common council may then proceed to order such improvements or work to be done; and the determination in good faith of the common council in respect to all the facts to be ascertained for the purpose of commencement and carrying on such proposed improvement or work, shall be final and conclusive, provided that such action shall be in conformity with this act."

If this section remained in force and operation at the time the common council acted upon the petition and authorized the work in question, a different case is presented from that determined in the cases decided in this court, where a defect similar to the one alleged here was held fatal (*In re Sharp*, 56 N. Y., 257; *Litchfield* v. *Vernon*, 41 id., 123); as in the statutes under consideration in those cases, no provision is made in reference to the effect of a determination of the facts upon which jurisdiction depended, while here the tribunal by which the question is to be determined is prescribed, and its determination is made "final and conclusive." Unless this provision had been repealed or superseded prior to the determination of the common council to proceed with the work, the courts below had no power to open and re-examine the question as to whether a majority of owners petitioned. (*In re Central Park*, 50 N. Y., 493, and cases above cited.)

It is scarcely safe for any one to speak confidently of the exact condition of the law in respect to public improvements

in the cities of New York and Brooklyn. The enactments in reference thereto have been modified, superseded and repealed so often and to such an extent, that it is difficult to ascertain just what statutes were in force at any particular time.

It is claimed that the provision referred to in the act of 1859, was repealed by the act of 1861, which provides (§ 13) "that all acts and parts of acts heretofore passed, and which are inconsistent with this act, are hereby repealed." The question therefore is, whether the provision of the act of 1859 is inconsistent with any of the provisions of the act of 1861.

I have examined the question with considerable care and have arrived at the conclusion that it is not, and hence was not repealed, and that the decision of the common council cannot, therefore, be reviewed in these proceedings.

It is to be observed that the act of 1861 is an elaboration of the act of 1860 (Laws of 1860, chap. 444), which first introduced the plan of cash advances by the city to the contractors for public improvements, instead of the old plan of warrants, to be paid out of assessments when collected. The act of 1861 modifies the act of 1859 in some particulars, but the details of that act, save as thus modified, are left untouched; and to hold the whole act repealed would be to leave the method of procedure as to improvements incomplete.

It would appear to have been the intent of the legislature to leave the details of the proceedings to be governed by that act, except as so modified; and this conclusion is strengthened by the language of the repealing clause above quoted, which raises a conclusive implication that all acts, and parts of acts, not inconsistent were intended to be preserved. The provision of the act of 1859 authorizing the common council to determine the necessary questions of fact is not inconsistent with, but is just as valuable and available under the act of 1861 as under that containing it. The general rule is well settled, that acts are not to be deemed inconsistent when both may stand and effect be given to each. (*In re Comrs. of Central Park, supra.*) The provision of the act of 1859

(§ 1), requiring a majority of the owners to petition, is just as peremptory as in the act of 1861, while the declared effect of the determination of the common council is omitted in the latter act, and no provision is made upon the subject. That provision of the act of 1859, is not inconsistent with the requirement that a majority must petition, but simply designates the tribunal to determine that question, and declares the effect of such determination. This construction is confirmed by the fact that when the whole system of laws in relation to the city of Brooklyn were consolidated into one act in 1873 (Laws of 1873, chap. 863), the substance of this provision of the act of 1859 with those of the act of 1861, were incorporated into it (see § 7, tit. 18), showing a continuous and fixed policy on the subject. The words in the act of 1859, " provided that such action shall be in conformity with this act," do not impair the force of the previous language declaring the finality of the decision of the common council. The *action* referred to is defined by the first clause of the section as the " action directed by the preceding sections," which simply point out the course of procedure on the part of the common council, such as : that a petition must be presented ; a notice must be published stating a time for a hearing ; a district of assessments be laid out, etc. This proviso, therefore, simply requires that the preliminary steps prescribed by the statutes shall be taken. Any other construction would nullify the prior portion of the section giving the common council the power to determine the questions of fact, and declaring the finality of this decision.

From the stipulation in the cases, we must assume that the proceedings on the part of the common council, in the respect referred to in the proviso, were regular ; as this disposes of the cases, it is unnecessary to pass upon the other questions presented.

The orders of the General Term must be reversed, and those of the Special Term affirmed with costs.

All concur.

Ordered accordingly.