JOHN BUSSING, JR., Appellant, *v.* THE CITY OF MOUNT
VERNON, Respondent.

Equity — action to remove an assessment, for opening a street, as
a cloud upon title to real property — action cannot be main-
tained when assessment void for jurisdictional defects.

An action to remove an assessment as a cloud upon title to real property
cannot be maintained, unless it appears that the proceedings are regu-
lar on their face but invalid only because of a defect *dehors* the record,
which will not necessarily appear in proceedings to enforce the lien.
There is, however, an exception to this rule, and that is where a stat-
ute provides that upon a sale of lands for the non-payment of a tax, the
conveyance given thereon shall be presumptive evidence that the tax
was legally imposed and all of the proceedings were regular.

The charter of a city required that a resolution to open and improve
streets should only be ordered by a unanimous vote by all the members
of the common council. A resolution of that character was adopted in
the absence of two members of that body. Subsequently, an applica-
tion for the appointment of commissioners to assess the expenses of
opening and improving the street was duly made to the Supreme Court
which, upon the certificate of the clerk of the board of aldermen falsely
stating that all of the aldermen voted for the resolution, appointed such
commission. The assessment subsequently made by the commission
for opening and improving the street was duly confirmed by the
Supreme Court. *Held,* that the assessment is void and not a lien upon
the lands assessed therein. The adoption of the resolution for the
opening of the street by less than a unanimous vote of the common
council is not an irregularity, but a jurisdictional defect which rendered
the resolution void, and hence the court acquired no jurisdiction to
appoint commissioners.

An owner of land affected by such assessment refused to pay his
assessment and brings this action to have the same set aside as a cloud
upon the title of his land. The charter provisions regulating the sale
of lands for unpaid assessments provide that when land is sold for such
assessments, the city authorities shall, at the end of the redemption
period, give the purchaser a lease of the lands so sold and purchased
for the term for which the same were sold, and that such lease shall be
presumptive evidence that such tax was legally imposed, was not paid,
that the land was not redeemed and that the proceedings and sale were
regular. There is no allegation or proof that any sale has taken place
or lease been given. *Held,* that the action cannot be maintained; that
the defect in the assessment appears of record and is not dependent

upon oral testimony *dehors* the record, and consequently that the action was prematurely brought.

Subsequent to the acquisition and opening of the street under the resolution in question, the common council made two separate and independent assessments for the street, one for the sidewalk and one for the sewer. These assessments were regular and in accordance with the provisions of the charter, and the city is in possession under a claim of title. It opened and graded the street and maintained it as a public street and as such the assessments were made for the flagging of the sidewalk and for the constructing of the sewer. *Held,* that such assessments were regular and valid and not subject to the defect appearing in the other independent proceeding, by which the street was extended, laid out and opened.

*Bussing* v. *City of Mount Vernon,* 121 App. Div. 503, affirmed.

(Argued February 24, 1910; decided March 29, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 22, 1907, reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph S. Wood* and *Milo J. White* for appellant. In any proceeding for the assessment or taxation of real property, the procedure upon which the assessment is founded must be a strict compliance with the statutory provisions in relation thereto. (*Merritt* v. *Vil. of Port Chester,* 71 N. Y. 309; *Gilbert* v. *C. T. Co.,* 3 Johns. Cas. 107; *Adams* v. *S. & W. R. Co.,* 10 N. Y. 328; *Seymour* v. *Judd,* 2 N. Y. 464; *Sharpe* v. *Speir,* 4 Hill, 76; *Loomis* v. *Semper,* 38 Misc. Rep. 567; *People ex rel.* v. *Adams,* 88 Hun, 122; *Stebbins* v. *Kay,* 123 N. Y. 31; *Bruecher* v. *Vil. of Port Chester,* 101 N. Y. 240.) Lack of jurisdiction may always be set up against a judgment, and the recital of jurisdictional facts in a judgment is not conclusive and may be disproved by proper evidence. (*Cagwin* v. *Town of Han-*

*cock,* 84 N. Y. 532; *People ex rel. Frey* v. *Warden,* 100 N. Y. 20; *Ferguson* v. *Crawford,* 70 N. Y. 253; *Litchfield* v. *Vernon,* 41 N. Y. 123; *Sharpe* v. *Speir,* 4 Hill, 76; *Craig* v. *Town of Andes,* 93 N. Y. 405.) An order appointing the commissioners could not cure defects in the proceedings. (*People ex rel. Dady* v. *Supervisors,* 89 Hun, 241.) It requires a unanimous vote under the provision of section 170, chapter 182, Laws of 1892, to inaugurate this proceeding. (*Matter of Rosenbaum,* 119 N. Y. 24.) The interpretation of section 170 of the charter of the city of Mount Vernon should be strict and literal. (*McCluskey* v. *Cromwell,* 11 N. Y. 593; *May* v. *Traphagen,* 139 N. Y. 478; *People* v. *Trustees, etc.,* 70 N. Y. 29; *Smith* v. *Proctor,* 130 N. Y. 319.) The proceeding for the appointment of commissioners to open this alleged street does not bind the plaintiff in this action. (*Risley* v. *Bank of the City of New York,* 83 N. Y. 318; *Losey* v. *Stanley,* 147 N. Y. 560; *O'Donaghue* v. *Boies,* 159 N. Y. 87; *Warren* v. *Union Bank,* 157 N. Y. 259; *Craig* v. *Town of Andes,* 93 N. Y. 405.)

*J. Mortimer Bell* for respondent. The court acquired jurisdiction of the proceeding, and the plaintiff, having received due notice of all the proceedings leading up to the levy and confirmation of the assessment, is bound thereby. (*Matter of City of Mount Vernon,* 34 Misc. Rep. 225; 64 App. Div. 619; *Porter* v. *Purdy,* 29 N. Y. 106; *Roderigas* v. *E. R. S. Inst.,* 63 N. Y. 460; *Cagwin* v. *Town of Hancock,* 84 N. Y. 532; *Craig* v. *Town of Andes,* 93 N. Y. 405; *Town of Mentz* v. *Cook,* 108 N. Y. 504; *Town of Cherry Creek* v. *Becker,* 123 N. Y. 161; *Salisbury* v. *McGibbon,* 58 App. Div. 524; *Matter of U. E. R. R. Co.,* 112 N. Y. 61; *Fleming* v. *Burnham,* 100 N. Y. 1; *Ferguson* v. *Crawford,* 70 N. Y. 253.) The question whether the common council had allowed the improvement was necessarily embraced in and adjudicated by the court's decision appointing the commissioners. (*Matter of City of Mount Vernon,* 34 Misc. Rep. 225; *Bell* v. *Merrifield,* 109 N. Y. 202; *Barber* v.

*Kendall,* 158 N. Y. 401; *Matter of U. E. R. R. Co.,* 112 N. Y. 61.) Plaintiff acquiesced in the various improvements for which the assessments complained of were levied, and the action should be dismissed on that ground. (*People ex rel. Keller* v. *Many,* 89 Hun, 138.) If the assessments are invalid it appears upon the face of the proceedings of the common council, and, therefore, this action cannot be maintained. (*Scott* v. *Onderdonk,* 14 N. Y. 9; *Heywood* v. *City of Buffalo,* 14 N. Y. 534; *Marsh* v. *City of Brooklyn,* 59 N. Y. 280; *Sanders* v. *City of Yonkers,* 63 N. Y. 489; *Clark* v. *Davenport,* 95 N. Y. 477; *Stuart* v. *Palmer,* 74 N. Y. 183; *Mellen* v. *Mellen,* 139 N. Y. 219.)

HAIGHT, J. This action was brought by the plaintiff to remove a cloud upon the title to certain real estate owned by him in the city of Mount Vernon. The alleged cloud consists of three separate assessments, one for the laying out and opening of Fourth street, another for laying a flag sidewalk, and another for the construction of a sewer in the street. The common council of Mount Vernon consisted of ten aldermen. On the 13th day of April, 1898, at a meeting of the board of aldermen, a resolution was passed, by eight of the ten aldermen, two being absent, for the extending and improving of Fourth street, from Columbus avenue to Vernon Heights. The resolution also fixed the boundary of the district to be assessed, and directed that the statutory notice be published of the time when and place where the application would be made to the Supreme Court for the appointment of commissioners to estimate and assess the expenses of the opening of the street. On the return day specified in the notice the petition was duly presented to the Supreme Court, asking for the appointment of such commissioners. Thereupon such commissioners were appointed, who proceeded to discharge their duties under the order, and, after making assessments, gave notice of a hearing, on the part of those interested, for making corrections. After such hearing a copy of the report was served by mail upon each person interested, with a

notice that an application at a time specified would be made to the Supreme Court for the confirmation thereof. At that time such application was made to the Supreme Court and the report confirmed. Thereupon the street was opened, regulated and graded, and subsequently sidewalks were laid and a sewer constructed, for which separate assessments were made by the municipality. The respective assessment rolls contained assessments upon the real estate owned by the plaintiff, as set forth in the complaint, which have not been paid, and such assessments now remain on the assessment roll of the city. The referee held that the assessments were illegal, and ordered judgment in favor of the plaintiff to that effect. The Appellate Division has reversed upon the authority of *Matter of City of Mount Vernon* (34 Misc. Rep. 225).

The defect in the proceeding relied upon is that the original resolution of the common council directing the extension and opening of Fourth street was passed by only eight aldermen, when the charter requires that such extension should only be ordered by a unanimous vote *by* all of the members of the common council, the plaintiff claiming that this was a jurisdictional defect which nullified all of the proceedings that followed. No question is made with reference to the fact. It affirmatively appears, by the minutes of the clerk of the proceedings of the board, that the resolution was passed by the vote of only eight of the aldermen, and that two were absent. So that the defect, if such it be, appears upon the record of the proceedings.

In *Adams* v. *Saratoga and Washington Railroad Company* (10 N. Y. 328) the action was ejectment. The defense was that the lands had been taken under condemnation proceedings for railroad purposes. GRIDLEY, J., delivered the opinion of the court, and in commenting upon the condemnation proceedings states: " This was an attempt to divest the plaintiff of his title to the premises in question without his consent, and it is quite clear, that, to effect that object, the provisions of the act under which the proceedings to change the title of the property were had must be strictly pursued. * * *

'Every statute authority, in derogation of the common law, to divest the title of one, and transfer it to another, must be strictly pursued or the title will not pass. This is a mere naked power, and its due execution is not to be made out by intendment — it must be proved. It is not a case for supposing that public officers have done their duty, but what they have in fact done must be shown. The recitals in the conveyance are not evidence against the owners of the property, but the facts recited must be established by proof *aliunde.* As the statute has not made the conveyance *prima facie* evidence of the regularity of the proceedings, the fact that they are regular must be proved, and the *onus* rests on the purchaser.'" (p. 329.)

In the case of *Litchfield* v. *Vernon* (41 N. Y. 123) the legislature had passed an act providing that the common council of the city of Brooklyn might, upon an application of a majority of the owners of land in the district proposed to be assessed by the act, apply to the Supreme Court, at Special Term, for the appointment of three commissioners, who were authorized to contract with the Long Island Railroad Company or its assigns to close the entrances of their tunnel in Atlantic street and to pave the same, and to assess the property specified in the act for the expenses thereof, etc. Thereupon the common council did present the petition to the Supreme Court, in which it was stated that a majority of the owners of lands in the district had applied therefor, asking for the appointment of commissioners under the act. Grover, J., in writing for the court, says : " The right of the common council to apply for the appointment of the commissioners, lies at the foundation of the whole proceeding. Unless this right existed, all the proceedings in appointing the commissioners, and subsequent thereto, are void. This right depends upon the question whether a majority of the landowners petitioned the common council to proceed under the act. In the absence of such petition, the common council had no authority in the premises, and nothing could be done under the act. The act does not provide for the determination of this fact by the

common council, nor by the Special Term upon the presenta-
tion of the petition for the appointment of the commissioners.
The plaintiff seeks to show that the defendant became liable
to pay the assessment. It was incumbent upon him to show
the existence of the facts creating the liability. The act
being silent as to what should be deemed proof of the fact
that a majority of the landowners petitioned the council, the
plaintiff was bound to prove such fact by competent common-
law evidence. This could be done by proof, showing who
were the owners of land, at the time of the passage of the act,
and that a majority of such persons petitioned the common
council, as required by the first section of the act. Neither
the application of the council to the court, nor the affidavit of
the mayor, accompanying such application, was evidence of this
fact against the defendant. (*Sharp* v. *Speir*, 4 Hill, 76, and
cases cited.) There was no competent evidence of this fact
given upon the trial, and the exception to the finding of this
fact by the judge was well taken." (p. 136.)

In *Matter of Sharp* (56 N. Y. 257), a street in the city of
Brooklyn had been repaved by the board of officers having
such matters in charge. A petition had been presented to the
board signed by owners of property fronting on said street,
but not by a majority of such owners, as required by the
statute. It was held that a signer of the petition was not
estopped from questioning the authority of the board and
moving to set aside the assessment; that he had a right to
rely upon a performance of its duty by the board, which
required it, before basing any action upon the petition, to
ascertain whether a sufficient number had signed to confer
jurisdiction.

In *Jex* v. *Mayor, etc., of New York* (103 N. Y. 536) the
action was brought to recover back the amount of an illegal
assessment which the plaintiff had been wrongfully compelled
to pay. The assessment was for the repaving of a street, and
the ordinance of the common council directing the improvement
was not based upon a petition of a majority of the property
owners, as required by the charter. ANDREWS, J., says: "The

presentation of the proper petition is the basis of the jurisdiction of the common council to incur an expense for repaving reimbursable by local assessment. The statute requiring the presentation of a petition was designed for the protection of property owners. The initiation of the improvement without a petition was not an irregularity merely, but was a fundamental error. It was a condition precedent to the right to make an assessment for the improvement, that it should have been petitioned for by the requisite number of property owners." (p. 539.)

In the case of *Miller* v. *City of Amsterdam* (149 N. Y. 288) it was held that where the charter of a city provides that streets may be paved only upon a petition therefor by the owners of a majority of the lineal feet fronting on the street, and does not expressly authorize the common council to determine that this prerequisite has been fulfilled, and the owners of the required frontage do not sign the petition, a decision of the common council that a majority did sign is not a judicial determination of the fact; and a subsequent ordering of the pavement is unauthorized, and an assessment made therefor is void, for want of jurisdiction. In this case VANN, J., has carefully collected many authorities upon the question, and has distinguished *In re Kiernan* (62 N. Y. 457) and *Town of Cherry Creek* v. *Becker* (123 N. Y. 161), upon which the corporation counsel in this case relied. In view of the fact that we all concurred in his opinion, we now refer to the same, and the authorities cited by him, deeming further discussion of the question unnecessary.

It is quite apparent that in this state the law is well settled that the defect referred to in the petition of the original resolution to extend, open and grade Fourth street was not merely an irregularity, but a jurisdictional defect which rendered the resolution void. It being void, the presenting of it to the Supreme Court for the appointing of commissioners did not operate to give that court jurisdiction. Through some singular oversight or carelessness the clerk of the board of aldermen certified to the Supreme Court what purports to be

a transcript of his original minutes, in which he stated that all of the ten aldermen, naming them, voted for the resolution. This certificate was concededly false, but it operated to deceive the court with reference to the fact and induced it to appoint commissioners. This false certificate, however, could not operate to give the court jurisdiction, or to free the proceedings which followed from the fundamental defect in the adoption of the original resolution which became the basis of the proceedings which followed. It must, therefore, be held that the assessment made by the commissioners for the purpose of acquiring the lands, laying out and opening the street, and grading the same, was void.

The other questions presented pertain to the assessment made in 1901 for the purpose of laying a flag sidewalk and the construction of a sewer in the street. These were two separate, independent proceedings, one for the sidewalk and the other for the sewer. The proceedings were in the common council and not before the court. No error or irregularity is claimed with reference to those proceedings. They were made in accordance with the provisions of the charter. It is not apparent that the defect in the proceedings in the extending and opening of the street operates to render these proceedings also void. It may be that the title of the city to the fee of the street, or the easement in the lands over which it extends, may not be perfect. The city took possession of the lands under the proceedings to which we have referred. Presumably the owners have been paid therefor the amount awarded to them by the commissioners. But if they have not been paid, none of them are here complaining with reference thereto. The city was in possession under a claim of title. It laid out, opened and graded the street. It had maintained it as a public street in the city, and as such public street the proceedings were instituted before the board of aldermen for the flagging of the sidewalk and for the construction of the sewer. We are, therefore, of the opinion that the assessments made therefor were regular and valid and not subject to the defect appearing in the other inde-

pendent proceeding, by which the street was extended, laid out and opened.

It must now be regarded as the settled law of this state that an action to remove an assessment as a cloud upon title to real property cannot be maintained, unless it appears that the proceedings are regular on their face, but are invalid only because of a defect *dehors* the record, which will not necessarily appear in proceedings to enforce the lien. (*Alvord* v. *City of Syracuse*, 163 N. Y. 158–161; *Mellen* v. *Mellen*, 139 N. Y. 210–219; *Moores* v. *Townshend*, 102 N. Y. 387–393; *Mercantile National Bank* v. *Mayor, etc., of N. Y.*, 172 N. Y. 35–48; *Chapman* v. *Brewer*, 114 U. S. 158; *Stuart* v. *Palmer*, 74 N. Y. 183; *Bockes* v. *Lansing*, 74 N. Y. 437; *Fonda* v. *Sage*, 48 N. Y. 173; *Hatch* v. *City of Buffalo*, 38 N. Y. 276; *Scott* v. *Onderdonk*, 14 N. Y. 9.) There is, however, an exception to this rule, and that is where a statute provides that upon a sale of lands for the non-payment of a tax, the conveyance given thereon shall be presumptive evidence that the tax was legally imposed and all of the proceedings were regular.

In the case of *Scott* v. *Onderdonk* (*supra*) it was held that unless the conveyance was required to recite the ordinances and resolutions of the common council authorizing the assessment so that the defect would appear upon the face of the conveyance, that equity, under the circumstances, would interpose to enjoin the execution and delivery of the conveyance; and in the case of *Alvord* v. *City of Syracuse* (*supra*) it was held that in such a case where lands were being advertised for sale equity would interpose to defeat the sale.

In the case under consideration, section 200 of the defendant's charter provides that all assessments confirmed under this title shall be collected with like interest and percentage in like manner, as near as may be, as in the case of taxes; and lands charged therewith may be sold for unpaid assessments, and when so sold may be released and redeemed in the same manner as in this act provided for the sale of lands for unpaid taxes and for the leasing and redemption thereof.

Under title 5 of the defendant's charter, entitled "Of the sale of lands for non-payment of taxes," it is provided, by section 145, that the common council shall fix the time for the sale of lands for unpaid taxes, and specifies the notice that shall be given thereof.   Section 146 provides that when sold the city clerk shall give the purchaser a certificate under the corporate seal of the city, specifying the land sold, the time for which sold, the sum paid thereon, and the time when the purchaser will be entitled to a lease thereof; and section 148 provides: "The common council shall cause to be published in the official city newspapers for six consecutive weeks previous to the expiration of such time for redemption a notice that, unless the lands sold shall be redeemed within three years from the last day of such sale, they will be leased to the purchaser.   If not so redeemed, the mayor and city clerk shall execute to the purchaser, his legal representatives or assigns, a lease, under the corporate seal of the city of the lands so sold to him for the term for which the same was sold, and such *lease* shall be *presumptive evidence* that such tax was legally imposed, was not paid, the land was not redeemed, and of the regularity of the proceedings and sale." (L. 1892, ch. 182.)

It will thus be observed that under the provisions of the defendant's charter, the presumptive evidence that the tax was legally imposed, and of the regularity of the proceedings and sale, does not arise until the execution and delivery of the lease.   It is the lease that becomes the presumptive evidence, and until that stage of the proceedings is reached there is no presumption that the tax was legally imposed. By referring to the record it will be seen that the plaintiff does not allege that any resolution of the common council has been passed directing a sale; that no notice of sale has been published; that any sale has taken place or lease given. No such facts have been found or requested to be found, and no evidence appears to have been given upon the subject. It is quite possible that the common council, having discovered that the original resolution to open Fourth street was not

passed by the unanimous vote of all of the aldermen, decided not to authorize a sale of the plaintiff's premises. However that may be, it appears to me that, as the case stands, the defect appears of record and is not dependent upon oral testimony *dehors* the record, and consequently that this action was prematurely brought. (*Sanders* v. *Village of Yonkers,* 63 N. Y. 489.)

The judgment of the Appellate Division should be affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT and CHASE, JJ., concur; VANN, J., absent.

Judgment affirmed, etc.