THOMPSON ELY REALTY CO. v. FITZ, County Treasurer.

(Supreme Court, Special Term, Kings County. August 28, 1911.)

1. TAXATION (§ 433*)—ASSESSMENT ROLL—VERIFICATION.

Where an assessment roll is comprised in several volumes, verification attached to one of them only, without identifying the other volumes. is insufficient compliance with the requirement by Tax Law (Consol. Laws 1909, c. 60) § 38, for verification.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 747–753; Dec. Dig. § 433.*]

2. TAXATION (§ 318*)—ASSESSMENT—TIME.

An assessment not made on or before the third Tuesday of August in a given year, as required by Tax Law (Consol. Laws 1909, c. 60) § 36, but after grievance day, depriving a taxpayer of opportunity to be heard, is invalid.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 530, 531; Dec. Dig. § 318.*]

3. TAXATION (§ 498*)—SUBJECTS—ILLEGAL TAXATION.

A taxpayer can enjoin illegal tax proceedings clouding his title.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 913–919; Dec. Dig. § 498.*]

Action by the Thompson Ely Realty Company against Charles R. Fitz, County Treasurer of Suffolk County. On motion for temporary injunction. Temporary injunction granted.

Percy L. Housel, for plaintiff.

Timothy M. Griffing, for defendant.

PUTNAM, J. The plaintiff seeks to enjoin during the pendency of this action the county treasurer of Suffolk county from collecting the tax assessed for the year 1910 upon its lands in the town of Brookhaven. Only two of the objections urged need be considered. The tax book or tax roll of the town is contained in 34 separate bound volumes, of which those numbered from 1 to 31, inclusive, are entitled on the front cover "Assessment Roll, Map Property, Town of Brookhaven, 1910," and on the back cover, "Map Property Brookhaven, 1910," with the consecutive number of the volume. Of the remaining three volumes one is labeled "Recapitulation," another "Assessment Roll, Town of Brookhaven, Incorporated Villages of Bellport and Patchogue, 1910," and the third "Assessment Roll, Town of Brookhaven 1910." Plaintiff's property is entered in volume 19 of the numbered series. The volumes 1 to 31 have no warrant for collection of taxes, and they have no affidavit of the assessors, required by section 38 of the tax law. There is no warrant or affidavit in the volume entitled "Recapitulation." On the inside front cover of the other two volumes appears a copy of the warrant. The only affidavit of the assessors is on the unnumbered volume labeled "Assessment Roll, Town of Brookhaven, 1910." This affidavit mentions the "foregoing assessment roll," without other reference.

[1] In this state the tax assessors must strictly comply with the requirements as to the assessment roll. The failure to verify it ren-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ders the tax void. People v. Inman, 197 N. Y. 200, 207, 90 N. E. 438. Originally such a roll was a schedule, in which the sheets were tacked together, so that it could be turned up by the hand in the form of a tube. Colman v. Shattuck 2 Hun, 497, 502. Although this need not be so combined at the review day, when the sheets may be detached or in parts, it is said that:

"There is a time, no doubt, when the assessment roll must be in one—a single volume or collection of sheets united together—and that is when the roll is finally completed, after all corrections are made, and when the verification is attached thereto." People v. Clapp, 64 Hun, 547, 549, 19 N. Y. Supp. 531, 532.

When it becomes impracticable to bind all the roll in one volume, plainly a verification attached to only one of many books, without in any way identifying such other volumes, is not a compliance with the statute. Such a construction would subvert the legislative intent, which by minute provisions would authenticate every part of this record of the tax assessment. This strictness is necessary to avoid lax methods, which would imperil the security with which, in matters of taxation, the law guards private rights. People v. Metz, 141 App. Div. 600, 126 N. Y. Supp. 986; 37 Cyc. 1061, note 66.

[2] It also appears that the assessment in question was not made on or prior to August 1st, nor on or prior to the third Tuesday of August, 1910, as required by section 36 of the tax law, but, after grievance day, was added to the roll taking from plaintiff any opportunity to be heard. This is clearly invalid. Jewell v. Van Steenburgh, 58 N. Y. 85, 90; Overing v. Foote, 65 N. Y. 263; People ex rel. Suburban Investment Co. v. Board of Assessors, 131 N. Y. Supp. 868, opinion of Jaycox, J.

[3] Plaintiff is therefore entitled to come into equity to enjoin proceedings which will create a cloud upon the title. Alvord v. City of Syracuse, 163 N. Y. 158, 163, 164, 57 N. E. 310; Bussing v. City of Mt. Vernon, 198 N. Y. 196, 205, 91 N. E. 543.

Temporary injunction granted.