(156 App. Div. 315.)

### CITY & COUNTY CONTRACT CO. v. BUSSING et al.

(Supreme Court, Appellate Division, Second Department. April 11, 1913.)

MUNICIPAL CORPORATIONS (§ 444[*])—STREET IMPROVEMENTS—ASSESSMENTS—VALIDITY.

  The charter of a city authorized the council to open streets by a unanimous vote of all its members. A resolution to open and extend a street was unanimously adopted while two members were absent. The subsequent proceedings conformed to the charter. A subsequent independent proceeding for the grading of the street was initiated and carried to completion in compliance with the charter. *Held*, that an assessment for the cost of the grading levied against property benefited was legal.

  [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1064, 1069; Dec. Dig. § 444.[*]]

Submission of controversy on an agreed statement of facts between the City & County Contract Company, as plaintiff, and John Bussing, Jr., and another, as defendants. Judgment for plaintiff.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Ralph Polk Buell, of New York City (George S. Graham, of New York City, on the brief), for plaintiff.

Milo J. White, of Mt. Vernon, for defendants.

RICH, J. This is a submission of a controversy under the provisions of article 2, title 2, chapter 11 of the Code of Civil Procedure. In 1898 the charter of the city of Mt. Vernon authorized the common council to lay out and open a street "by a unanimous vote of all its members." Laws of 1892, c. 182, § 170. The common council in that year was composed of ten aldermen. At a meeting held April 13th, attended by eight of its ten members, a resolution was adopted, by the unanimous vote of the aldermen present, to open and extend East Fourth street from its then terminus at Columbus avenue to Union avenue. All of the proceedings taken after the adoption of this resolution conformed with the requirements of the charter. The entire proceeding was regular, except for the initial defect, which was jurisdictional; and the city did not acquire title to the bed of the street, though the city paid the damages awarded in the condemnation proceedings.

Subsequently three independent proceedings were initiated and conducted to completion in strict accordance with the provisions of the charter—one for regulating and grading the street, which was commenced March 14 and completed September 4, 1900; one for the construction of sidewalks, commenced August 7 and completed December 11, 1900; and the third for the construction of a sewer, which was commenced May 21, 1901, and completed February 4, 1902. A local assessment was levied against the property benefited for the cost of each improvement. It is conceded that the sewer and sidewalk assessments are valid, and the only ground for attacking the assessment for the expense of the grading is because of the invalidity of the original proceedings to open the street.

On November 14, 1900, the defendant Bussing became the owner of land lying between Fulton and Franklin avenues, designated on the improvement maps as lots 51 and 55, and a portion of each was included in the land to be acquired for the proposed extension of East Fourth street. The remaining portion of the lots abutted on the street and was assessed for benefits resulting from the improvement. At the time he acquired title, the assessment (if it was valid) was a lien upon both of the lots, and his deed contained this clause:

"Subject to all taxes, assessments, and sales for either now a lien on the same or which shall hereafter become a lien on same, and also subject to all proceedings taken by the city of Mt. Vernon to open Fourth street through the same."

Bussing conveyed to Abraham Gross on February 3, 1905, by a deed in which the south boundary line of lot No. 51 and the north boundary line of lot No. 55 is stated to be "Fourth street, as opened," which excludes the land lying in and forming the extended street. On October 14, 1905, the plaintiff took title to the premises from Gross; the premises being described as above. At that time the assessments for all of the improvements, if valid, were liens upon the premises, and Bussing was liable for their payment.

To induce the plaintiff to take title without requiring the immediate payment of the assessments, Bussing deposited $4,000 with the defendant Trust Company, to secure payment of the assessments if they were found to be valid liens. At the time plaintiff took title, an action was pending between Bussing and the city of Mt. Vernon, in which it was sought to have the assessments canceled and vacated. It was held, however, that this action was prematurely brought. The suit was consequently unsuccessful. Afterwards the property was sold for the unpaid taxes. The plaintiff subsequently redeemed the property by paying to the city the sum of $4,433.83, and now seeks to recover that amount.

The validity of the sewer and sidewalk assessments was passed upon by the Court of Appeals in Bussing v. City of Mount Vernon, 198 N. Y. 196, 91 N. E. 543, and it was decided that they were valid. In view of the record now before us, we must regard that case as an authority for holding that the grading assessment is also valid. It will be noted that the assessment for grading was in a separate proceeding, and had no relation to the proceeding for opening the street. The resolution upon which the court proceeding was instituted was limited to the opening and extension. It did not include the grading; in fact, the proceeding to acquire that land was concluded several months before any action was taken by the common council for grading.

The question, "Were the assessments for regulating and grading, against the property in question, legal and valid assessments per se?" is answered in the affirmative, and judgment directed for the plaintiff for $4,433.83, with interest from March 22, 1909, without costs. All concur.